REDMANN, Chief Judge,
concurring.
McSweeney and Johnson v. John F. Beasley Const. Co., 742 F.2d 1054 (7 Cir.1984), would support the trial judge’s sum *1008 mary judgment adjudicating that plaintiff crane operator is not a Jones Act seaman. But those decisions conflict with the Fifth Circuit’s Robison.
Robison declared that
“there is an evidentiary basis for a Jones Act case to go to the jury: (1) if there is evidence that the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.” 266 F.2d at 779.
Barrett v. Chevron U.S.A., Inc., 781 F.2d 1067, 1072 (5 Cir.1986), points out the legal divergence between Robison and Johnson but reaffirms Robison:
“Some of our amici suggest that Robi-son erred in eliminating the ‘aid-to-navigation’ requirement which appears in the early Supreme Court cases. Others suggest that the second prong of the Robi-son test should be reformed to grant crew member status only to those workers who perform significant navigational functions or further the ‘transportation function’ of the vessel. This is essentially the approach adopted by the Seventh Circuit in Johnson....
“We cannot accept either of these suggestions. ...”
Robison thus remains the law of this circuit. The only question raised by our motion for summary judgment (which conceded plaintiff’s permanent assignment to a vessel) was the second element of the Robison test. Barrett, 781 F.2d at 1073, explaining with Robison’s facts, describes that element as
“whether the employee contributed to the function of the vessel or to the accomplishment of its mission. This aspect of the test is by its nature easily ascertained — for example, Robison’s duties aboard the seagoing drilling platform clearly contributed to the function that it was designed to serve — drilling for oil.”
If drilling for oil (rather than merely transporting drilling machinery to the site of its intended use) is the function of a mobile drilling rig, then by analogy the loading and unloading of other vessels at the mid-water transfer facility (rather than merely transporting the crane to the site of its intended use, as McSweeney reasoned) is the function of the crane barge here. Plaintiff crane operator contributed to that function and is as much a seaman as Robi-son was.